# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
CASE NO.

THE NORTH FACE APPAREL CORP.,
TBL LICENSING LLC, and
JANSPORT APPAREL CORP.,

       Plaintiffs,

vs.

THENORTHFACEBARATO.ES; 21STAESTHETICS.COM; 34IIMG.COM;
ADVANCINGBIO.ORG; AFTERPORNENDS2.COM; AGENT-TICKET.COM;
AGRITURISMORVILE.COM; AJELMASNOU.ES; AKAPLANNING.CO.UK;
ALCYEAGLES.COM; ALPHAPACKUK.CO.UK;
AMELIORETOITCONFORT.FR; APPART-AUTO.COM;
ASOCIACIONGASTROBLOGGERS.ES; AUTOREFINE.CO.UK;
AYSO1091.COM; BACKACOUNTY.COM; BANLIEUESPATRIOTES.FR;
BELLTREEMAC.COM; BESTMARKETINGCOPY.COM;
BEYONDBLISSMASSAGE.COM; BLOGEALE.COM; BLUE-HOUSE.ES;
BOBSZTORC.COM; BWHIMSYGIFTS.COM; CAPTAINMIKEBEACH.COM;
CELLARWINEANDBEER.COM; CIBYA.ES; CLOTHAS.XYZ;
CLOTHDG.XYZ; CLOTHDK.XYZ; CLOTHOLIP.XYZ; CLOTHOP.XYZ;
CLOTHRTI.XYZ; CLOTHSRE.XYZ; CLOTHUGH.XYZ; CLOTHVCD.CLUB;
CLOTHWRE.XYZ; CLOTHYIW.XYZ; CODEDROMANCE.CO;
DALLASCOINCLUB.ORG; DENTESDENTAL.CO.UK; DIXONNACEY.COM;
DOZESTADIUM.COM; DRCOMPLETE.CO.UK; EL10DEVEEDOR.ES;
ENCOUNTER-STEUBENVILLE.COM; ENERGISEANDENGAGE.CO.UK;
ENVISIONESCALANTE.ORG; EUGENETOLERIE.FR;
FARMSANCTUARYKIDZCLUB.COM; FGCKKAKAMEGATOWN.ORG;
FIERYKICKS.COM; FLOWER-SPACE.COM; FTCOLLINSCAREERS.COM;
GEARRURAL.COM; GLOBALOSERVICES.CO.UK; GUITARINFO.ES;
HARTBOY.CO.UK; HAZZCLOTHING.COM; HOMEBOUNDHAIR.COM;
HOMECLIPARTANIMALDEER.COM; IMOS-TM.COM; INTERVIP.ES;
INVICTAFX.COM; ISALLINNER.COM;
JANLONGCOMMUNICATIONS.COM; JGPERSONNEL.CO.UK;
KABATOUTLET.COM; KAMIKAZEKITTEN.CO.UK; KHUTTAR-
RESTAURANT.CO.UK; KYRAKIRKWOOD.COM;
LAQUINTACARLSBAD.COM; LAVIDAQUEAMARON.COM;
LESBELLESCOPINES.FR; LINKIEKLE.COM;
LONGMEADOWSCOTTAGE.CO.UK;
LOSEWEIGHTFORSCOTLAND.CO.UK; M2GLEADERSHIPBIZ.COM;
MASONSYAMAHA.COM; MEDIASSOCIATION.COM; MER-KUNIC.COM;
MIALOFGRENS.COM; MIRAIE-INSURANCE.COM;
MOLOSKYDENTAL.COM; MONTACARGAS-ELCHE.ES;
MYDECODAY.COM; MYNEWLAW.COM; NARUMONINDUSTRY.COM;
NFASDA.CLUB; NFASDSA.CLUB; NFDOEM.COM; NFEST.CLUB;

1

NFETEAF.TOP; NFFANB.CLUB; NFFANBB.CLUB; NFIICQ.CLUB;
NFQWQAZ.CLUB; NFVUSM.ONLINE; NFVXCH.ONLINE;
NFVXCU.ONLINE; NORFOLKBROADSPHOTOS.COM; O2FP-
ILEDEFRANCE.FR; ONTHESPOTOIL.COM; OSCARBOLES.COM;
PARKHURSTLOBSTERS.COM; PHOTO-SCENIX.COM;
PINNACLEPHARMACYRX.COM; PINNACLEWINETOURS.COM;
PUEDOCAMBIARELMUNDO.COM; QUINTETTE-SPIRALE.FR;
RAWDOLPHINS.COM; ROADTOMORALCAPITALISM.COM;
ROKEWOODSTUD.COM; ROLEOFWOMENINECONOMICLIFE.NET;
RUTASELECTRICAS.ES; SACSIYAHLATICI.COM; SANPIETROTN.ORG;
SARD.ES; SHOEMANIATO.TOP; SHULERMEATSWEB.COM;
SOMENEVERAWAKEN.COM; SOSPCWEB.COM; SWATISPRAYERS.COM;
TAMPABIZLIST.COM; TATTICAGT.COM; TAXI-CASTEJON-DE-
NAVARRA.ES; THENORTHFACEMAGAZALARI.COM; THFSALE.SITE;
THICHCUMUA.COM; UGURKARGO.COM; VEMQUEEUTECONTO.COM;
VESAKUUSAVA.COM; VYDEMBUTIDOS.ES; WEAREOVER.ES;
WIGHTSWEETSHACK.CO.UK; WIZANCJUM.COM;
WOODFORDWINEROOM.CO.UK; 1STOP4TRAVEL.COM;
2018TIMBERLAND.COM; 2NDCENTURYADHC.COM;
6INCHTIMBERLAND.COM; A-BOWL.COM; ADAMNCOPELAND.COM;
ADDITIVE-SO.COM; ALLSNEAKERONLINE.COM;
APPLIANCESETCJEROME.COM; APPMAKERSLTD.COM; ARACRM.COM;
BARENDBMX.CO.UK; BICYCLETOURTUSCANY.COM;
BILLIGATIMBERLANDSKO.COM; BIWATERAEWT.COM; BNRG.CO.UK;
BOTTESTIMBERLAND.FR; BRANDSPORTSHOESSTORE.COM; BUELL-
FRANKFURT.COM; CALCADOSTIMBERLAND.COM;
CAMALTECVALENCIA.ES; CASABELLAVIDACABO.COM;
CELESTEPEDRI.COM; CHATLIMAR.COM; CHEAPTIMBERLANDBOOTS-
2013.COM; CHEAPTIMBERLANDSHOES.COM;
CHESSPUB.CO.UK; CIENCIA-E-CULTURA.COM; COMMANDER-
REZONING.COM; COURTNEYBROOKEDESIGNS.COM;
CREATIVEHAIRMAKEUP.COM; DRMUKESHSINGH.COM;
EASTBRIDGECHORALE.COM; ELAINECOSTAS.COM;
ENGLISHBROTHERSBEER.COM; ERFENISROOF.NL;
ERRORINSYNTAX.COM; FORRETODO.COM; FRANCINEGARNIER.COM;
GALIZAXOGA.ES; GCCHAMPLAIN.COM; GEEKCHICNYC.COM;
GENERATIONRWANDA.ORG.UK; GIFTS4GOOD.CO.UK;
GLASSHOUSEAGENCY.COM; GOLDENGRILLENJ.COM;
GRTIMBERLAND.COM; HAZYMINDSHOP.COM;
HEADBOARDSOUTLET.COM; HEDGEHOGBOT.CO.UK;
HOTBRANDSDEPOT.COM; HSFACOUSTICS.COM;
JANPARISBOOKFEST.COM; JPTIMBERLANDBOOTS.COM;
JPTIMBERLANDSSALES.COM; JSFLOORSYSTEMS.COM;
KICKSTIMBERLAND.INFO; KJOPETIMBERLANDSKO.COM;
KLIKKLIKPIKS.CO.UK; KOUSOS.COM; KPOEALEXANDER.COM;
LADIVADEBEAUTYCENTER.COM; LAVENDERBLUESPA.COM;

LENFODEM2017.ORG; LETTERSWORTH.COM;
LIBERTYDRONESPHILLY.COM; LITTLESHOPTHEMUSICAL.COM;
LORENZADEMODAS.COM; LUNCHWITHAPURPOSE.COM; MAC-
DADDIES.CO.UK; MAGALYH.COM; MAPSKOPARADISE.COM;
MAYARTPAINTS.COM; MIDLANDTRACTORPULLERS.CO.UK;
MITSUTOUGE-SANSOU.COM; MONROELIMOS.COM;
MSGCSPEEDDATING.COM; MYFABRICFRIEND.COM;
MYTIMBERLANDUK.COM; NARTEXKINDO.COM;
NEELKAMALFOODS.COM; NEONFITCLUB.COM;
NIEUWTIMBERLANDSCHOENEN.COM; NOIRTIMBERLANDBOOTS.COM;
NOTTINGHAMFIXERS.CO.UK; OAKLANDSBEDANDBREAKFAST.CO.UK;
OFFICIALTIMBERLANDUK.COM; ONYOURDOORSTEP.ORG.UK;
OTTOPR.CO.UK; OVENTROPMARKET.COM;
PASCHERTIMBERLAND.COM; PENSAOSAOJORGE.COM;
PERFECTSALEWA.COM; PHII.CO.UK; PHYSIQUEDEPOT.COM;
PICKTIMBERLANDBOOTUK.COM; PLANETAMODELISMO.COM;
PLAYITAGAINSCOTT.COM; PNLYCOACHING.ES; POP-PIE.CO.UK;
POSTMUSRACING.NL; PREMEDNETWORK.COM; PRKHOMES.COM;
RAPIDRESPONSEPESTCONTROL.CO.UK; REALTOUCH-SHOP.FR;
REDTIMBERLANDBOOTS.COM;
ROBERTSBRIDGESUMMEREVENT.CO.UK; ROLL-TOPTIMBERLAND.COM;
SAINTPAULS-UMC.COM; SALETIMBERLANDJAPAN.COM;
SCHLOSSPARK-PUTBUS.COM; SCULPTURESUTTON.COM;
SELLTIMBERLANDBOOTS.COM; SERRURIERSLERAINCY.COM;
SHANTITERAPIAS.COM; SHAWNEEHEARTLANDAL.COM;
SHOPHALLOWEENADVENTURE.COM; SHOPSTIMBERLANDJP.COM;
SHOPTIMBERLANDBOOTS.COM; STEAKANDBOURBON.COM; SUGIZAKI-
INC.COM; SURVIVALSTRIKER.COM; TBLBOOTS.US; TCTASTES.COM;
THEBCC.CO.UK; THEGO2GEEKS.COM; THEINDUSTRIALAREA.COM;
TIMBERLAND1973.COM; TIMBERLAND6BOOTS.COM;
TIMBERLANDABC.COM; TIMBERLANDAUSTRALIAONLINESHOP.COM;
TIMBERLANDBOOT.CO; TIMBERLANDBOOT4YOU.COM;
TIMBERLANDBOOTOL.US; TIMBERLANDBOOTS.NAME;
TIMBERLANDBOOTS4U.COM; TIMBERLANDBOOTSBEST.COM;
TIMBERLANDBOOTSCLASSIC.COM; TIMBERLANDBOOTSCUSTOM.COM;
TIMBERLANDBOOTSK.COM; TIMBERLANDBOOTSONLINECHEAP.COM;
TIMBERLANDBOOTSSALEOUTLET.COM;
TIMBERLANDBOOTSUSONLINE.COM;
TIMBERLANDBOOTSUSSHOP.COM;
TIMBERLANDCHEAPESTOUTLET.COM;
TIMBERLANDCIZMETURKIYE.COM;
TIMBERLANDCLASSICBOATSHOES.COM;
TIMBERLANDCLEARANCEBESTS.COM; TIMBERLANDDUKKANI.COM;
TIMBERLANDEARTHKEEPER.FR; TIMBERLANDESEN.COM;
TIMBERLANDGREECE.COM; TIMBERLANDITALIA.SITE;
TIMBERLANDLOJASPORTUGAL.COM; TIMBERLANDMENSHOES.COM;

TIMBERLANDNEWZEALAND.COM; TIMBERLANDONILNECHEAPS.COM;
TIMBERLANDONLINE.FR; TIMBERLANDONLINECLEARANCE.COM;
TIMBERLANDONLINESHOP.COM; TIMBERLANDOUTLET.CO;
TIMBERLANDOUTLETSITO.COM; TIMBERLAND-PT.COM;
TIMBERLANDREDUCERI.COM; TIMBERLANDREDUCERI.NET;
TIMBERLANDSALEOUTLET.COM; TIMBERLANDSAPATOSPT.COM;
TIMBERLANDSDAMEN.DE; TIMBERLANDSHOESONLINEUK.COM;
TIMBERLANDSHOPONLINE.COM; TIMBERLAND-SHOPS.COM;
TIMBERLAND-SITOUFFICIALE.COM; TIMBERLAND-SKO.COM;
TIMBERLANDSKONORGE.COM; TIMBERLANDSNEAKERS.DE;
TIMBERLANDSSHOES.US; TIMBERLANDSSTORE.US; TIMBERLAND-
STORES.COM; TIMBERLANDSYDNEY.COM; TIMBERLAND-UK-
BOOTS.COM; TIMBERLANDUKCHEAPS.COM;
TIMBERLANDUSONLINE.COM; TIMBERLANDUSONLINEOUTLET.COM;
TIMBERLANDUSOUTLET.COM; TIMBERLANDVENTE.FR;
TIMBERLANDZ.COM; TLSADMINSVCS.COM;
TOSCANAITALIANPIZZERIA.CO.UK; TUOMOLILJENBACK.NET;
UBREEDS.COM; UKTIMBERLANDONLINE.COM;
UNOEILSURLETEMPS.COM; WARMGLASSART.CO.UK;
WHEATTIMBERLANDBOOTS.COM; WHITETIMBERLAND6INCHUK.COM;
WRITERSCA.COM; EASTPAKBOLSOS.ONLINE;
EASTPAKEBOLSO.ONLINE; EASTPAKSACS.ONLINE; EASTPAK-
SALE.COM; EASTPAKVERKAUF.CO.UK; EASTPAKZAINI.ONLINE;
EZGISHBEBE.COM; and JULIANEHUANG.COM, Each an Individual,
Partnership, Business Entity, and Unincorporated Association,

        Defendants.

_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiffs, The North Face Apparel Corp., TBL Licensing LLC, and JanSport Apparel Corp. (collectively "Plaintiffs"),[1] hereby sue Defendants, the individuals, partnerships, business entities, and unincorporated associations identified in the caption and set forth on Schedule "A" hereto (collectively "Defendants"). Defendants are promoting, selling, offering for sale and distributing goods bearing and/or using counterfeits and confusingly similar imitations of

---

[1] The Plaintiffs, The North Face Apparel Corp., TBL Licensing LLC, and JanSport Apparel Corp., are related ultimate subsidiaries of V.F. Corporation which is a global leader in branded lifestyle apparel, footwear and accessories.

Plaintiffs' respective trademarks within this district through at least the fully interactive[2] commercial Internet websites and supporting domains operating under the domain names identified on Schedule "A" hereto (the "Subject Domain Names"). In support of their claims, Plaintiffs allege as follows:

## JURISDICTION AND VENUE

1.      This is an action for federal trademark counterfeiting and infringement, false designation of origin, cybersquatting, common law unfair competition, and common law trademark infringement pursuant to 15 U.S.C. §§ 1114, 1116, 1125(a), and 1125(d), and The All Writs Act, 28 U.S.C. § 1651(a). Accordingly, this Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

2.      Defendants are subject to personal jurisdiction in this district because they operate commercial websites accessible in this district and direct business activities towards consumers throughout the United States, including within the State of Florida and this district through at least the fully interactive commercial Internet websites and supporting domains operating under the Subject Domain Names.

---

[2] At least one Defendant uses its Subject Domain Name to act as a supporting domain name to direct traffic to its fully-interactive, commercial website operating under another Subject Domain Name, from which consumers can complete purchases. The supporting domain name either automatically redirects or forwards to the fully-interactive website operating under another Subject Domain Name. The redirecting website is identified as such in Composite Exhibit "4" hereto.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Defendants are, upon information and belief, engaged in infringing activities and causing harm within this district by advertising, offering to sell, and/or selling infringing products into this district.

## THE PLAINTIFFS

4. Plaintiff The North Face Apparel Corp. ("The North Face") is a company organized and existing under the laws of the State of Delaware, having its principal place of business at 3411 Silverside Road, Wilmington, DE 19810.

5. Plaintiff TBL Licensing LLC ("TBL") is a company organized and existing under the laws of the State of Delaware, having its principal place of business at 200 Domain Drive, Stratham, NH 03885.

6. Plaintiff JanSport Apparel Corp. ("JanSport") is a company organized and existing under the laws of the State of Delaware, having its principal place of business at 3411 Silverside Road, Wilmington, DE 19810.

7. Goods bearing the Plaintiffs' registered trademarks set forth below are offered for sale and sold by their licensees which are related operating companies within the V.F. Corporation's family of companies, through various channels of trade within the State of Florida, including this district, and throughout the United States. Defendants, through the sale and offering for sale of counterfeit and infringing versions of goods using counterfeits of Plaintiffs' respective Marks, are directly, and unfairly, competing with Plaintiffs' economic interests in the State of Florida and causing Plaintiffs harm within this jurisdiction.

8. Like many other famous trademark owners, Plaintiffs suffer ongoing daily and sustained violations of their respective trademark rights at the hands of counterfeiters and infringers, such as Defendants herein, who wrongfully reproduce and counterfeit Plaintiffs'

individual trademarks for the twin purposes of (i) duping and confusing the consuming public and (ii) earning substantial profits.

9.      In order to combat the indivisible harm caused by the combined actions of Defendants and others engaging in similar conduct, each year Plaintiffs expend significant monetary resources in connection with trademark enforcement efforts, including legal fees, investigative fees, and support mechanisms for law enforcement, such as field training guides and seminars. The recent explosion of counterfeiting over the Internet has created an environment that requires companies, such as Plaintiffs, to file a large number of lawsuits, against individuals and groups in order to protect both consumers and themselves from the ill effects of confusion and the erosion of the goodwill associated with Plaintiffs' respective brands.

## THE DEFENDANTS

10.     Defendants operate through domain names registered with registrars in multiple countries, and are comprised of individuals and/or business entities of unknown makeup, whom, upon information and belief, reside and/or operate in foreign jurisdictions, including the People's Republic of China. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b). Defendants target their business activities towards consumers throughout the United States, including within this district through the simultaneous operation of at least the fully interactive commercial Internet websites and supporting domains existing under the Subject Domain Names.

11.     Upon information and belief, Defendants use aliases in conjunction with the operation of their businesses, including but not limited to those identified on Schedule "A" hereto.

12.     Upon information and belief, Defendants are directly and personally contributing to, inducing and engaging in the sale of counterfeit branded products as alleged herein, often times as partners, co-conspirators and/or suppliers.

13.     Defendants are part of an ongoing scheme to create and maintain an illegal marketplace enterprise on the World Wide Web, which (i) confuses consumers regarding the source of Defendants' goods for profit, and (ii) expands the marketplace for illegal, counterfeit versions of Plaintiffs' branded goods while shrinking the legitimate marketplace for Plaintiffs' genuine branded goods. The natural and intended byproduct of Defendants' actions is the erosion and destruction of the goodwill associated with Plaintiffs' respective famous names and associated trademarks, as well as the destruction of the legitimate market sector in which they operate.

14.     Defendants are the past and present controlling forces behind the operation of the Internet websites operating under, at least, the Subject Domain Names.

15.     Upon information and belief, Defendants directly engage in unfair competition with Plaintiffs by (i) advertising, offering for sale and/or selling goods bearing and/or using counterfeits and infringements of one or more of Plaintiffs' individual trademarks to consumers within the United States and this district through at least the fully interactive commercial Internet websites and supporting domains operating under the Subject Domain Names, and additional domains and websites not yet known to Plaintiffs and (ii) creating and maintaining an illegal marketplace enterprise for the purpose of diverting business from Plaintiffs' legitimate marketplace for their genuine goods. Defendants have purposefully directed some portion of their illegal activities towards consumers in the State of Florida through the advertisement, offer to sell, sale, and/or shipment of counterfeit branded goods into the State, and by operating an

illegal marketplace enterprise which impacts and interferes with commerce throughout the United States, including within the State of Florida.

16. Upon information and belief, Defendants have registered, established or purchased, and maintained their respective Subject Domain Names and the websites operating thereunder. Upon information and belief, many Defendants have engaged in fraudulent conduct with respect to the registration of the Subject Domain Names by providing false and/or misleading information to their various registrars during the registration or maintenance process. Upon information and belief, many Defendants have registered and/or maintained their Subject Domain Names for the sole purpose of engaging in illegal counterfeiting activities.

17. Upon information and belief, Defendants will continue to register or acquire new domain names for the purpose of selling and/or offering for sale goods bearing and/or using counterfeit and confusingly similar imitations of one or more of Plaintiffs' respective trademarks unless preliminarily and permanently enjoined. Moreover, upon information and belief, Defendants will continue to maintain and grow their illegal marketplace enterprise at Plaintiffs' expense unless preliminarily and permanently enjoined.

18. Defendants' entire Internet-based website businesses amount to nothing more than illegal operations established and operated in order to infringe the intellectual property rights of Plaintiffs and others.

19. Defendants' business names, i.e., the Subject Domain Names, and any other alias domain names used in connection with the sale of counterfeit and infringing goods bearing and/or using Plaintiffs' respective trademarks are essential components of Defendants' counterfeiting and infringing activities and are one of the means by which Defendants further their counterfeiting and infringement scheme and cause harm to Plaintiffs. Moreover,

Defendants are using Plaintiffs' respective famous names and associated trademarks to drive Internet consumer traffic to their websites operating under the Subject Domain Names, thereby creating and increasing the value of the Subject Domain Names and decreasing the size and value of Plaintiffs' legitimate consumer marketplace at Plaintiffs' expense.

## COMMON FACTUAL ALLEGATIONS

### The North Face's Trademark Rights

20.    The North Face is the owner of all rights, title, and interest in the trademarks identified on Schedule "B" hereto (collectively, the "TNF Marks"), which are valid and registered on the Principal Register of the United States Patent and Trademark Office.

21.    The TNF Marks are used in conjunction with the manufacture and distribution of high quality goods in the categories identified in Schedule "B." True and correct copies of the Certificates of Registration for the TNF Marks are attached hereto as Composite Exhibit "1."

22.    TNF Marks have been used in interstate commerce to identify and distinguish high quality goods for an extended period of time and serve as symbols of The North Face's quality, reputation and goodwill.

23.    Further, The North Face and its related companies have expended substantial time, money and other resources developing, advertising and otherwise promoting the TNF Marks. The TNF Marks qualify as famous marks as that term is used in 15 U.S.C. §1125(c)(1).

24.    The North Face and its related companies have extensively used, advertised and promoted the TNF Marks in the United States in connection with the sale of high quality goods. As a result, the TNF Marks are among the most widely recognized trademarks in the United States, and the trademarks have achieved secondary meaning as identifiers of high quality goods.

25.     The North Face has carefully monitored and policed the use of the TNF Marks and has never assigned or licensed the TNF Marks to any Defendant in this matter.

26.     Genuine goods bearing and/or using the TNF Marks are widely legitimately advertised and promoted by The North Face, its related companies, authorized distributors, and unrelated third parties via the Internet.  Visibility on the Internet, particularly via Internet search engines such as Google, Yahoo!, and Bing has become increasingly important to The North Face's overall marketing and consumer education efforts. Thus, The North Face, its related companies, and authorized distributors expend significant monetary resources on Internet marketing and consumer education, including search engine optimization ("SEO") strategies. Those strategies allow The North Face, its related companies, and authorized distributors to fairly and legitimately educate consumers about the value associated with the TNF Marks and the goods sold thereunder.

### TBL's Trademark Rights

27.     TBL is the owner of all rights in and to the trademarks identified on Schedule "C" hereto (collectively, the "TBL Marks"), which are valid and registered on the Principal Register of the United States Patent and Trademark Office. The TBL Marks are used in conjunction with the manufacture and distribution of high quality goods in the categories identified in Schedule "C." True and correct copies of the Certificates of Registration for the TBL Marks are attached hereto as Composite Exhibit "2."

28.     The TBL Marks have been used in interstate commerce to identify and distinguish high quality goods for an extended period of time and serve as symbols of TBL's quality, reputation and goodwill.

29.     Further, TBL and its related companies have expended substantial time, money and other resources developing, advertising and otherwise promoting the TBL Marks. The TBL Marks qualify as famous marks as that term is used in 15 U.S.C. §1125(c)(1).

30.     TBL and its related companies have extensively used, advertised and promoted the TBL Marks in the United States in connection with the sale of high quality goods. As a result, the TBL Marks are among the most widely recognized trademarks in the United States, and the trademarks have achieved secondary meaning as identifiers of high quality goods.

31.     TBL has carefully monitored and policed the use of the TBL Marks and has never assigned or licensed the TBL Marks to any Defendant in this matter.

32.     Genuine goods bearing and/or using the TBL Marks are widely legitimately advertised and promoted by TBL, its related companies, and unrelated third parties via the Internet. Visibility on the Internet, particularly via Internet search engines such as Google, Yahoo!, and Bing has become increasingly important to TBL's overall marketing and consumer education efforts. Thus, TBL expends significant monetary resources on Internet marketing and consumer education, including SEO strategies. Those strategies allow TBL and its related companies to fairly and legitimately educate consumers about the value associated with the TBL Marks and the goods sold thereunder.

**JanSport's Trademark Rights**

33.     JanSport is the owner of all rights in and to the trademarks identified on Schedule "D" hereto (collectively, the "EASTPAK Marks"), which are valid and registered on the Principal Register of the United States Patent and Trademark Office. The EASTPAK Marks are used in conjunction with the manufacture and distribution of high quality goods in the categories

identified in Schedule "D." True and correct copies of the Certificates of Registration for the EASTPAK Marks are attached hereto as Composite Exhibit "3."

34.     The EASTPAK Marks have been used in interstate commerce to identify and distinguish high quality goods for an extended period of time and serve as symbols of JanSport's quality, reputation and goodwill.

35.     Further, JanSport and its related companies have expended substantial time, money and other resources developing, advertising and otherwise promoting the EASTPAK Marks. The EASTPAK Marks qualify as famous marks as that term is used in 15 U.S.C. §1125(c)(1).

36.     JanSport and its related companies have extensively used, advertised and promoted the EASTPAK Marks in the United States in connection with the sale of high quality goods. As a result, the EASTPAK Marks are among the most widely recognized trademarks in the United States, and the trademarks have achieved secondary meaning as identifiers of high quality goods.

37.     JanSport has carefully monitored and policed the use of the EASTPAK Marks and has never assigned or licensed the EASTPAK Marks to any Defendant in this matter.

38.     Genuine goods bearing and/or using the EASTPAK Marks are widely legitimately advertised and promoted by JanSport, its related companies, and unrelated third parties via the Internet. Visibility on the Internet, particularly via Internet search engines such as Google, Yahoo!, and Bing has become increasingly important to JanSport's overall marketing and consumer education efforts. Thus, JanSport expends significant monetary resources on Internet marketing and consumer education, including SEO strategies. Those strategies allow JanSport

and its related companies to fairly and legitimately educate consumers about the value associated with the EASTPAK Marks and the goods sold thereunder.

**Defendants' Infringing Activities**

39.   Upon information and belief, Defendants are promoting and advertising, distributing, selling and/or offering for sale goods in interstate commerce bearing and/or using counterfeit and infringing trademarks that are exact copies of the TNF Marks, the TBL Marks, and/or the EASTPAK Marks (the "Counterfeit Goods") through the fully interactive commercial Internet websites and supporting domains operating under the Subject Domain Names.  True and correct copies of the web pages reflecting samples of the Internet websites operating under the Subject Domain Names are attached hereto as Composite Exhibit "4." Specifically, upon information and belief, Defendants are using identical copies of the TNF Marks, TBL Marks, and/or EASTPAK Marks (collectively, "Plaintiffs' Marks") for different quality goods. Plaintiffs have used their respective Marks extensively and continuously before Defendants began offering counterfeit and confusingly similar imitations of Plaintiffs' goods.

40.   Upon information and belief, Defendants' Counterfeit Goods are of a quality substantially different than that of the genuine goods sold under Plaintiffs' respective Marks. Defendants, upon information and belief, are actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale substantial quantities of their Counterfeit Goods with the knowledge and intent that such goods will be mistaken for the genuine quality goods offered for sale by Plaintiffs despite Defendants' knowledge that they are without authority to use Plaintiffs' Marks.  The net effect of Defendants' actions will cause confusion of consumers at the time of initial interest, sale, and in the post-sale setting, who will believe

Defendants' Counterfeit Goods are genuine goods originating from, associated with, and approved by Plaintiffs.

41.     Defendants advertise their Counterfeit Goods for sale to the consuming public via at least their websites operating under the Subject Domain Names. In so advertising these goods, Defendants improperly and unlawfully use one or more of Plaintiffs' Marks without Plaintiffs' permission. Indeed, Defendants herein misappropriated Plaintiffs' advertising ideas and methods of doing business with regard to the advertisement and sale of Plaintiffs' respective, genuine goods. Upon information and belief, the misappropriation of Plaintiffs' advertising ideas in the form of Plaintiffs' Marks is, in part, the proximate cause of harm to Plaintiffs.

42.     As part of their overall infringement and counterfeiting scheme, Defendants are, upon information and belief, concurrently employing and benefiting from substantially similar, and often times coordinated, paid advertising and SEO strategies based, in large measure, upon an illegal use of counterfeits and infringements of one or more of Plaintiffs' Marks. Specifically, Defendants are, upon information and belief, using counterfeits of Plaintiffs' respective famous names and Plaintiffs' Marks in order to make their websites selling illegal goods appear more relevant and attractive to consumers online. By their actions, Defendants are contributing to the creation and maintenance of an illegal marketplace operating in parallel to the legitimate marketplace for Plaintiffs' respective genuine goods. Defendants are causing, individual, concurrent and indivisible harm to Plaintiffs and the consuming public by (i) depriving Plaintiffs of their right to fairly compete for space within search engine results and reducing the visibility of Plaintiffs' genuine goods on the World Wide Web, (ii) causing an overall degradation of the value of the goodwill associated with Plaintiffs' Marks, (iii) increasing Plaintiffs' overall cost to market their goods and educate consumers about their brands via the Internet, and/or (iv)

maintaining an illegal marketplace enterprise which perpetuates the ability of Defendants and future entrants to that marketplace to confuse consumers and harm Plaintiffs with impunity.

43.     Upon information and belief, Defendants are concurrently conducting and targeting their counterfeiting and infringing activities toward consumers and causing harm within this district and elsewhere throughout the United States.  As a result, Defendants are defrauding Plaintiffs and the consuming public for Defendants' own benefit.

44.     Upon information and belief, at all times relevant hereto, Defendants in this action had full knowledge of Plaintiffs' respective ownership of Plaintiffs' Marks, including their respective, exclusive rights to use and license such intellectual property and the goodwill associated therewith.

45.     Defendants' use of Plaintiffs' Marks, including the promotion and advertisement, reproduction, distribution, sale and/or offering for sale of their Counterfeit Goods, is without Plaintiffs' consent or authorization.

46.     Defendants are engaging in the above-described illegal counterfeiting and infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Plaintiffs' rights for the purpose of trading on Plaintiffs' goodwill and reputation.  If Defendants' intentional counterfeiting and infringing activities are not preliminarily and permanently enjoined by this Court, Plaintiffs and the consuming public will continue to be harmed.

47.     Defendants' above identified infringing activities are likely to cause confusion, deception and mistake in the minds of consumers before, during, and after the time of purchase. Moreover, Defendants' wrongful conduct is likely to create a false impression and deceive customers into believing there is a connection or association between Plaintiffs' respective genuine goods and Defendants' Counterfeit Goods, which there is not.

48.     Further, upon information and belief, many Defendants have registered their respective Subject Domain Names, using marks that are nearly identical and/or confusingly similar to at least one of Plaintiffs' Marks (collectively the "Cybersquatted Subject Domain Names").

49.     Defendants do not have, nor have they ever had, the right or authority to use Plaintiffs' Marks.  Further, Plaintiffs' Marks have never been assigned or licensed to be used on any of the websites including the websites operating under the Cybersquatted Subject Domain Names.

50.     Upon information and belief, Defendants have provided false and/or misleading contact information when applying for the registration of the Cybersquatted Subject Domain Names, or have intentionally failed to maintain accurate contact information with respect to the registration of the Cybersquatted Subject Domain Names.

51.     Upon information and belief, Defendants have never used any of the Cybersquatted Subject Domain Names in connection with a bona fide offering of goods or services.

52.     Upon information and belief, Defendants have not made any bona fide non-commercial or fair use of Plaintiffs' Marks on a website accessible under any of the Cybersquatted Subject Domain Names.

53.     Upon information and belief, Defendants have intentionally incorporated Plaintiffs' respective Marks in their Cybersquatted Subject Domain Names to divert consumers looking for Plaintiffs' respective Internet websites to their own Internet websites for commercial gain.

54.     Given the visibility of Defendants' various websites and the similarity of their actions, including their SEO activities, it is clear Defendants are either related or, at a minimum, cannot help but know of each other's existence and the damage likely to be caused to Plaintiffs as a result of Defendants' concurrent actions.

55.     Although some Defendants may be acting independently, they may properly be deemed to be acting in concert because the combined force of their actions serves to multiply the harm caused to Plaintiffs.

56.     Plaintiffs have no adequate remedy at law.

57.     Plaintiffs are suffering irreparable injury and have suffered substantial damages as a result of Defendants' unauthorized and wrongful use of Plaintiffs' Marks. If Defendants' counterfeiting, infringing, cybersquatting, and unfairly competitive activities, and their illegal marketplace enterprise are not preliminarily and permanently enjoined by this Court, Plaintiffs and the consuming public will continue to be harmed.

58.     The injury and damages sustained by Plaintiffs have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offers to sell, and sale of their Counterfeit Goods and by the creation, maintenance and very existence of Defendants' illegal marketplace enterprise.

## COUNT I - TRADEMARK COUNTERFEITING AND INFRINGEMENT PURSUANT TO § 32 OF THE LANHAM ACT (15 U.S.C. § 1114)

59.     Plaintiffs hereby adopt and re-allege the allegations set forth in Paragraphs 1 through 58 above.

60.     This is an action for trademark counterfeiting and infringement against Defendants based on their use of counterfeit and confusingly similar imitations of Plaintiffs'

Marks in commerce in connection with the promotion, advertisement, distribution, sale and/or offering for sale of the Counterfeit Goods.

61.     Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale, and distributing products bearing and/or using counterfeits and/or infringements of one or more of Plaintiffs' Marks. Defendants are continuously infringing and inducing others to infringe Plaintiffs' Marks by using them to advertise, promote, sell and/or offer to sell goods bearing and/or using Plaintiffs' Marks.

62.     Defendants' concurrent counterfeiting and infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods.

63.     Defendants' unlawful actions have caused and are continuing to cause unquantifiable damage and irreparable harm to Plaintiffs and are unjustly enriching Defendants at Plaintiffs' expense.

64.     Defendants' above-described illegal actions constitute counterfeiting and infringement of Plaintiffs' Marks in violation of Plaintiffs' respective rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

65.     Plaintiffs have each suffered and will continue to suffer irreparable injury due to Defendants' above described activities if Defendants are not preliminarily and permanently enjoined.

## COUNT II - FALSE DESIGNATION OF ORIGIN
## PURSUANT TO § 43(a) OF THE LANHAM ACT (15 U.S.C. § 1125(a))

66.     Plaintiffs hereby adopt and re-allege the allegations set forth in Paragraphs 1 through 58 above.

67.     Defendants' Counterfeit Goods using, offered for sale, and sold under copies of one or more of Plaintiffs' Marks have been widely advertised and offered for sale throughout the United States.

68.     Defendants' Counterfeit Goods using, offered for sale and sold under copies of one or more of Plaintiffs' Marks are virtually identical in appearance to Plaintiffs' respective, genuine goods.  However, Defendants' Counterfeit Goods are different in quality. Accordingly, Defendants' activities are likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of their Counterfeit Goods.

69.     Defendants, upon information and belief, have used in connection with their advertisement, offers for sale, and sale of the Counterfeit Goods, false designations of origin and false descriptions and representations, including words or other symbols and trade dress which tend to falsely describe or represent such goods and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to Plaintiffs' detriment.

70.     Defendants have authorized infringing uses of one or more of Plaintiffs' Marks in Defendants' advertisement and promotion of their counterfeit and infringing branded goods. Defendants have also misrepresented to members of the consuming public that the Counterfeit Goods being advertised and sold by them are genuine, non-infringing goods.

71.     Additionally, Defendants are using counterfeits and infringements of one or more of Plaintiffs' Marks in order to unfairly compete with Plaintiffs and others for space within search engine organic results, thereby jointly depriving Plaintiffs of a valuable marketing and educational tool which would otherwise be available to Plaintiffs and reducing the visibility of Plaintiffs' genuine goods on the World Wide Web.

72.     Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

73.     Plaintiffs have no adequate remedy at law, and have each sustained indivisible injury and damage caused by Defendants' concurrent conduct. Absent an entry of an injunction by this Court, Plaintiffs will continue to suffer irreparable injury to their respective goodwill and business reputations, as well as monetary damages.

## COUNT III - CLAIM FOR RELIEF FOR CYBERSQUATTING PURSUANT TO §43(d) OF THE LANHAM ACT (15 U.S.C. §1125(d))

74.     Plaintiffs hereby adopt and re-allege the allegations set forth in Paragraphs 1 through 58 above.

75.     Upon information and belief, Defendants have acted with the bad faith intent to profit from the TNF Marks, the TBL Marks, and the EASTPAK Marks and the goodwill associated with the Marks by registering and using the Cybersquatted Subject Domain Names.

76.     The TNF Marks, the TBL Marks, and the EASTPAK Marks were distinctive and famous at the time Defendants registered the Cybersquatted Subject Domain Names.

77.     Defendants have no intellectual property rights in or to the TNF Marks, the TBL Marks, and the EASTPAK Marks.

78.     The Cybersquatted Subject Domain Names are identical to, confusingly similar to or dilutive of at least one of the TNF Marks, the TBL Marks, and the EASTPAK Marks.

79.     Defendants' conduct is done with knowledge and constitutes a willful violation of Plaintiffs' rights in their respective Marks. At a minimum, Defendants' conduct constitutes reckless disregard for and willful blindness to Plaintiffs' respective rights.

80.     Defendants' actions constitute cybersquatting in violation of §43(d) of the Lanham Act, 15 U.S.C. §1125(d).

81.     Plaintiffs have no adequate remedy at law and have suffered and will continue to suffer irreparable injury and damage due to the above described activities of Defendants if Defendants are not preliminarily and permanently enjoined.

## COUNT IV - COMMON LAW UNFAIR COMPETITION

82.     Plaintiffs hereby adopt and re-allege the allegations set forth in Paragraphs 1 through 58 above.

83.     This is an action against Defendants based on their (i) promotion, advertisement, distribution, sale, and/or offering for sale of goods bearing and/or using marks that are virtually identical, both visually and phonetically, to Plaintiffs' Marks and (ii) creation and maintenance of an illegal, ongoing marketplace enterprise operating in parallel to the legitimate marketplace in which Plaintiffs sell their genuine goods, in violation of Florida's common law of unfair competition.

84.     Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale, and distributing goods bearing and/or using counterfeits and infringements of Plaintiffs' Marks. Defendants are also using counterfeits and infringements of one or more of Plaintiffs' Marks to unfairly compete with Plaintiffs and others for (i) space in search engine results across an array of search terms and/or (ii) visibility on the World Wide Web.

85.     Defendants' infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' products by their use of Plaintiffs' Marks.

86.     Plaintiffs have no adequate remedy at law and are suffering irreparable injury and damages as a result of Defendants' actions.

## COUNT V - COMMON LAW TRADEMARK INFRINGEMENT

87.     Plaintiffs hereby adopt and re-allege the allegations set forth in Paragraphs 1 through 58 above.

88.     This is an action for common law trademark infringement against Defendants based on their promotion, advertisement, offering for sale, and sale of their Counterfeit Goods bearing and/or using one or more of Plaintiffs' Marks.  Plaintiffs are the owners of all common law rights in and to Plaintiffs' Marks.

89.     Specifically, Defendants, upon information and belief, are promoting and otherwise advertising, distributing, offering for sale, and selling goods bearing and/or using infringements of one or more of Plaintiffs' Marks.

90.     Defendants' infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods bearing and/or using Plaintiffs' Marks.

91.     Plaintiffs have no adequate remedy at law and are suffering irreparable injury and damages as a result of Defendants' actions.

## PRAYER FOR RELIEF

92.     WHEREFORE, Plaintiffs demand judgment on all Counts of this Complaint and an award of equitable relief and monetary relief against Defendants as follows:

a.      Entry of temporary, preliminary and permanent injunctions pursuant to 15 U.S.C. § 1116 and Federal Rule of Civil Procedure 65 enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting,

23

distributing, selling or offering to sell their Counterfeit Goods; from infringing, counterfeiting, or diluting Plaintiffs' Marks; from using Plaintiffs' Marks, or any mark or trade dress similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name or trademark or trade dress that may be calculated to falsely advertise the services or goods of Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Plaintiffs; from falsely representing themselves as being connected with Plaintiffs, through sponsorship or association, or engaging in any act that is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendants are in any way endorsed by, approved by, and/or associated with Plaintiffs; from using any reproduction, counterfeit, infringement, copy, or colorable imitation of Plaintiffs' Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of Plaintiffs, or in any way endorsed by Plaintiffs and from offering such goods in commerce; from engaging in search engine optimization strategies using colorable imitations of Plaintiffs' respective name or trademarks; and from otherwise unfairly competing with Plaintiffs.

       b.     Entry of a temporary restraining order, as well as preliminary and permanent injunctions pursuant to 28 U.S.C. § 1651(a), The All Writs Act, enjoining Defendants and all third parties with actual notice of the injunction from participating in, including providing financial services, technical services or other support to, Defendants in connection with the sale and distribution of non-genuine goods bearing and/or using counterfeits and/or infringements of Plaintiffs' Marks.

c.     Entry of an order that, upon Plaintiffs' request, those acting in concert or participation with Defendants who have notice of the injunction, as service providers cease hosting, facilitating access to, or providing any supporting service to any and all domain names, including but not limited to the Subject Domain Names, and websites through which Defendants engage in the promotion, offering for sale and/or sale of goods bearing and/or using counterfeits and/or infringements of Plaintiffs' Marks.

d.     Entry of an order pursuant to 28 U.S.C §1651(a), The All Writs Act that, upon Plaintiffs' request, the top level domain (TLD) Registry for each of the Subject Domain Names, and any other domains used by Defendants,  or their administrators, including backend registry operators or administrators, place the Subject Domain Names on Registry Hold status for the remainder of the registration period for any such domain name, thus removing them from the TLD zone files which link the Subject Domain Names to the IP addresses where the associated websites are hosted.

e.     Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act and the Court's inherent authority, canceling for the life of the current registration or, at Plaintiffs' election, transferring the Subject Domain Names and any other domain names used by Defendants to engage in their counterfeiting of Plaintiffs' Marks at issue to Plaintiffs' control so they may no longer be used for illegal purposes.

f.     Entry of an order requiring Defendants, their agent(s) or assign(s), to assign all rights, title, and interest, to their Subject Domain Name(s) to Plaintiffs and, if within five (5) days of entry of such order Defendants fail to make such an assignment, the Court order the act to be done by another person appointed by the Court at Defendants' expense, such as the Clerk of Court, pursuant to Federal Rule of Civil Procedure 70(a).

g. Entry of an order requiring Defendants, their agent(s) or assign(s), to instruct all search engines to permanently delist or deindex the Subject Domain Name(s) and, if within five (5) days of entry of such order Defendants fail to make such a written instruction, the Court order the act to be done by another person appointed by the Court at Defendants' expense, such as the Clerk of Court, pursuant to Federal Rule of Civil Procedure 70(a).

h. Entry of an order requiring Defendants to account to and pay Plaintiffs for all profits and damages resulting from Defendants' trademark counterfeiting and infringing activities and that the award to Plaintiffs be trebled, as provided for under 15 U.S.C. §1117, or, at Plaintiffs' election with respect to Count I, that Plaintiffs be awarded statutory damages from each Defendant in the amount of two million dollars ($2,000,000.00) per each counterfeit trademark used and product sold, as provided by 15 U.S.C. §1117(c)(2) of the Lanham Act.

i. Entry of an order requiring the relevant Defendants to account to and pay Plaintiffs for all profits and damages resulting from those Defendants' cybersquatting activities and that the award to Plaintiffs be trebled, as provided for under 15 U.S.C. §1117, or, at Plaintiffs' election with respect to Count III, that Plaintiffs be awarded statutory damages from the relevant Defendants in the amount of one hundred thousand dollars ($100,000.00) per cybersquatted domain name used as provided by 15 U.S.C. §1117(d) of the Lanham Act.

j. Entry of an award pursuant to 15 U.S.C. § 1117 (a) and (b) of Plaintiffs' costs and reasonable attorneys' fees and investigative fees associated with bringing this action.

k. Entry of an award of pre-judgment interest on the judgment amount.

l. Entry of an order for any further relief as the Court may deem just and proper.

26

DATED: November 20, 2018.          Respectfully submitted,

                                   STEPHEN M. GAFFIGAN, P.A.

                                   By: **s:/Stephen M. Gaffigan**
                                   Stephen M. Gaffigan (Fla. Bar No. 025844)
                                   Virgilio Gigante (Fla. Bar No. 082635)
                                   T. Raquel Wiborg-Rodriguez (Fla. Bar No. 103372)
                                   401 East Las Olas Blvd., #130-453
                                   Ft. Lauderdale, Florida 33301
                                   Telephone: (954) 767-4819
                                   Facsimile: (954) 767-4821
                                   E-mail: stephen@smgpa.net
                                   E-mail: leo@smgpa.net
                                   E-mail: raquel@smgpa.net

                                   Attorneys for Plaintiffs

### SCHEDULE "A"
### DEFENDANTS BY NUMBER AND SUBJECT DOMAIN NAME

| Defendant Number | Defendant / Subject Domain Name |
|---|---|
| 1 | thenorthfacebarato.es |
| 2 | 21staesthetics.com |
| 3 | 34iimg.com |
| 4 | advancingbio.org |
| 5 | afterpornends2.com |
| 6 | agent-ticket.com |
| 7 | agriturismorvile.com |
| 8 | ajelmasnou.es |
| 9 | akaplanning.co.uk |
| 10 | alcyeagles.com |
| 11 | alphapackuk.co.uk |
| 12 | amelioretoitconfort.fr |
| 13 | appart-auto.com |
| 14 | asociaciongastrobloggers.es |
| 15 | autorefine.co.uk |
| 16 | ayso1091.com |
| 17 | backacounty.com |
| 18 | banlieuespatriotes.fr |
| 19 | belltreemac.com |
| 20 | bestmarketingcopy.com |
| 21 | beyondblissmassage.com |
| 22 | blogeale.com |
| 23 | blue-house.es |
| 24 | bobsztorc.com |
| 25 | bwhimsygifts.com |
| 26 | captainmikebeach.com |
| 27 | cellarwineandbeer.com |
| 28 | cibya.es |
| 29 | Clothas.xyz |
| 30 | clothdg.xyz |
| 31 | clothdk.xyz |
| 32 | clotholip.xyz |
| 33 | Clothop.xyz |
| 34 | clothrti.xyz |
| 35 | clothsre.xyz |
| 36 | clothugh.xyz |
| 37 | clothvcd.club |
| 38 | clothwre.xyz |

| | |
|---|---|
| 39 | clothyiw.xyz |
| 40 | codedromance.co |
| 41 | dallascoinclub.org |
| 42 | dentesdental.co.uk |
| 43 | dixonnacey.com |
| 44 | dozestadium.com |
| 45 | drcomplete.co.uk |
| 46 | el10deveedor.es |
| 47 | encounter-steubenville.com |
| 48 | energiseandengage.co.uk |
| 49 | envisionescalante.org |
| 50 | eugenetolerie.fr |
| 51 | farmsanctuarykidzclub.com |
| 52 | fgckkakamegatown.org |
| 53 | fierykicks.com |
| 54 | flower-space.com |
| 55 | ftcollinscareers.com |
| 56 | gearrural.com |
| 57 | globaloservices.co.uk |
| 58 | guitarinfo.es |
| 59 | hartboy.co.uk |
| 60 | hazzclothing.com |
| 61 | homeboundhair.com |
| 62 | homeclipartanimaldeer.com |
| 63 | imos-tm.com |
| 64 | intervip.es |
| 65 | invictafx.com |
| 66 | isallinner.com |
| 67 | janlongcommunications.com |
| 68 | jgpersonnel.co.uk |
| 69 | kabatoutlet.com |
| 70 | kamikazekitten.co.uk |
| 71 | khuttar-restaurant.co.uk |
| 72 | kyrakirkwood.com |
| 73 | laquintacarlsbad.com |
| 74 | lavidaqueamaron.com |
| 75 | lesbellescopines.fr |
| 76 | linkiekle.com |
| 77 | longmeadowscottage.co.uk |
| 78 | loseweightforscotland.co.uk |
| 79 | m2gleadershipbiz.com |
| 80 | masonsyamaha.com |
| 81 | mediassociation.com |

| 82 | mer-kunic.com |
|---|---|
| 83 | mialofgrens.com |
| 84 | miraie-insurance.com |
| 85 | moloskydental.com |
| 86 | montacargas-elche.es |
| 87 | mydecoday.com |
| 88 | mynewlaw.com |
| 89 | narumonindustry.com |
| 90 | nfasda.club |
| 91 | nfasdsa.club |
| 92 | nfdoem.com |
| 93 | nfest.club |
| 94 | nfeteaf.top |
| 95 | nffanb.club |
| 96 | nffanbb.club |
| 97 | nfiicq.club |
| 98 | nfqwqaz.club |
| 99 | nfvusm.online |
| 100 | nfvxch.online |
| 101 | nfvxcu.online |
| 102 | norfolkbroadsphotos.com |
| 103 | o2fp-iledefrance.fr |
| 104 | onthespotoil.com |
| 105 | oscarboles.com |
| 106 | parkhurstlobsters.com |
| 107 | photo-scenix.com |
| 108 | pinnaclepharmacyrx.com |
| 109 | pinnaclewinetours.com |
| 110 | puedocambiarelmundo.com |
| 111 | quintette-spirale.fr |
| 112 | rawdolphins.com |
| 113 | roadtomoralcapitalism.com |
| 114 | rokewoodstud.com |
| 115 | roleofwomenineconomiclife.net |
| 116 | rutaselectricas.es |
| 117 | sacsiyahlatici.com |
| 118 | sanpietrotn.org |
| 119 | sard.es |
| 120 | shoemaniato.top |
| 121 | shulermeatsweb.com |
| 122 | someneverawaken.com |
| 123 | sospcweb.com |
| 124 | swatisprayers.com |

| | |
|---|---|
| 125 | tampabizlist.com |
| 126 | tatticagt.com |
| 127 | taxi-castejon-de-navarra.es |
| 128 | thenorthfacemagazalari.com |
| 129 | thfsale.site |
| 130 | thichcumua.com |
| 131 | ugurkargo.com |
| 132 | vemqueeuteconto.com |
| 133 | vesakuusava.com |
| 134 | vydembutidos.es |
| 135 | weareover.es |
| 136 | wightsweetshack.co.uk |
| 137 | wizancjum.com |
| 138 | woodfordwineroom.co.uk |
| 139 | 1stop4travel.com |
| 140 | 2018timberland.com |
| 141 | 2ndcenturyadhc.com |
| 142 | 6inchtimberland.com |
| 143 | a-bowl.com |
| 144 | adamncopeland.com |
| 145 | additive-so.com |
| 146 | allsneakeronline.com |
| 147 | appliancesetcjerome.com |
| 148 | appmakersltd.com |
| 149 | aracrm.com |
| 150 | barendbmx.co.uk |
| 151 | bicycletourtuscany.com |
| 152 | billigatimberlandsko.com |
| 153 | biwateraewt.com |
| 154 | bnrg.co.uk |
| 155 | bottestimberland.fr |
| 156 | brandsportsshoesstore.com |
| 157 | buell-frankfurt.com |
| 158 | calcadostimberland.com |
| 159 | camaltecvalencia.es |
| 160 | casabellavidacabo.com |
| 161 | celestepedri.com |
| 162 | chatlimar.com |
| 163 | cheaptimberlandboots-2013.com |
| 164 | cheaptimberlandshoes.com |
| 165 | chesspub.co.uk |
| 166 | ciencia-e-cultura.com |
| 167 | commander-rezoning.com |

| 168 | courtneybrookedesigns.com |
|-----|---------------------------|
| 169 | creativehairmakeup.com |
| 170 | drmukeshsingh.com |
| 171 | eastbridgechorale.com |
| 172 | elainecostas.com |
| 173 | englishbrothersbeer.com |
| 174 | erfenisroof.nl |
| 175 | errorinsyntax.com |
| 176 | forretodo.com |
| 177 | francinegarnier.com |
| 178 | galizaxoga.es |
| 179 | gcchamplain.com |
| 180 | geekchicnyc.com |
| 181 | generationrwanda.org.uk |
| 182 | gifts4good.co.uk |
| 183 | glasshouseagency.com |
| 184 | goldengrillenj.com |
| 185 | grtimberland.com |
| 186 | hazymindshop.com |
| 187 | headboardsoutlet.com |
| 188 | hedgehogbot.co.uk |
| 189 | hotbrandsdepot.com |
| 190 | hsfacoustics.com |
| 191 | janparisbookfest.com |
| 192 | jptimberlandboots.com |
| 193 | jptimberlandssales.com |
| 194 | jsfloorsystems.com |
| 195 | kickstimberland.info |
| 196 | kjopetimberlandsko.com |
| 197 | klikklikpiks.co.uk |
| 198 | kousos.com |
| 199 | kpoealexander.com |
| 200 | ladivadebeautycenter.com |
| 201 | lavenderbluespa.com |
| 202 | lenfodem2017.org |
| 203 | lettersworth.com |
| 204 | libertydronesphilly.com |
| 205 | littleshopthemusical.com |
| 206 | lorenzademodas.com |
| 207 | lunchwithapurpose.com |
| 208 | mac-daddies.co.uk |
| 209 | magalyh.com |
| 210 | mapskoparadise.com |

| 211 | mayartpaints.com |
|-----|------------------|
| 212 | midlandtractorpullers.co.uk |
| 213 | mitsutouge-sansou.com |
| 214 | monroelimos.com |
| 215 | msgcspeeddating.com |
| 216 | myfabricfriend.com |
| 217 | mytimberlanduk.com |
| 218 | nartexkindo.com |
| 219 | neelkamalfoods.com |
| 220 | neonfitclub.com |
| 221 | nieuwtimberlandschoenen.com |
| 222 | noirtimberlandboots.com |
| 223 | nottinghamfixers.co.uk |
| 224 | oaklandsbedandbreakfast.co.uk |
| 225 | officialtimberlanduk.com |
| 226 | onyourdoorstep.org.uk |
| 227 | ottopr.co.uk |
| 228 | oventropmarket.com |
| 229 | paschertimberland.com |
| 230 | pensaosaojorge.com |
| 231 | perfectsalewa.com |
| 232 | phii.co.uk |
| 233 | physiquedepot.com |
| 234 | picktimberlandbootuk.com |
| 235 | planetamodelismo.com |
| 236 | playitagainscott.com |
| 237 | pnlycoaching.es |
| 238 | pop-pie.co.uk |
| 239 | postmusracing.nl |
| 240 | premednetwork.com |
| 241 | prkhomes.com |
| 242 | rapidresponsepestcontrol.co.uk |
| 243 | realtouch-shop.fr |
| 244 | redtimberlandboots.com |
| 245 | robertsbridgesummerevent.co.uk |
| 246 | roll-toptimberland.com |
| 247 | saintpauls-umc.com |
| 248 | saletimberlandjapan.com |
| 249 | schlosspark-putbus.com |
| 250 | sculpturesutton.com |
| 251 | selltimberlandboots.com |
| 252 | serruriersleraincy.com |
| 253 | shantiterapias.com |

| 254 | shawneeheartlandal.com |
| 255 | shophalloweenadventure.com |
| 256 | shopstimberlandjp.com |
| 257 | shoptimberlandboots.com |
| 258 | steakandbourbon.com |
| 259 | sugizaki-inc.com |
| 260 | survivalstriker.com |
| 261 | tblboots.us |
| 262 | tctastes.com |
| 263 | thebcc.co.uk |
| 264 | thego2geeks.com |
| 265 | theindustrialarea.com |
| 266 | timberland1973.com |
| 267 | timberland6boots.com |
| 268 | timberlandabc.com |
| 269 | timberlandaustraliaonlineshop.com |
| 270 | timberlandboot.co |
| 271 | timberlandboot4you.com |
| 272 | timberlandbootol.us |
| 273 | timberlandboots.name |
| 274 | timberlandboots4u.com |
| 275 | timberlandbootsbest.com |
| 276 | timberlandbootsclassic.com |
| 277 | timberlandbootscustom.com |
| 278 | timberlandbootsk.com |
| 279 | timberlandbootsonlinecheap.com |
| 280 | timberlandbootssaleoutlet.com |
| 281 | timberlandbootsusonline.com |
| 282 | timberlandbootsusshop.com |
| 283 | timberlandcheapestoutlet.com |
| 284 | timberlandcizmeturkiye.com |
| 285 | timberlandclassicboatshoes.com |
| 286 | timberlandclearancebests.com |
| 287 | timberlanddukkani.com |
| 288 | timberlandearthkeeper.fr |
| 289 | timberlandesen.com |
| 290 | timberlandgreece.com |
| 291 | timberlanditalia.site |
| 292 | timberlandlojasportugal.com |
| 293 | timberlandmenshoes.com |
| 294 | timberlandnewzealand.com |
| 295 | timberlandonilnecheaps.com |
| 296 | timberlandonline.fr |

| 297 | timberlandonlineclearance.com |
| 298 | timberlandonlineshop.com |
| 299 | timberlandoutlet.co |
| 300 | timberlandoutletsito.com |
| 301 | timberland-pt.com |
| 302 | timberlandreduceri.com |
| 303 | timberlandreduceri.net |
| 304 | timberlandsaleoutlet.com |
| 305 | timberlandsapatospt.com |
| 306 | timberlandsdamen.de |
| 307 | timberlandshoesonlineuk.com |
| 308 | timberlandshoponline.com |
| 309 | timberland-shops.com |
| 310 | timberland-sitoufficiale.com |
| 311 | timberland-sko.com |
| 312 | timberlandskonorge.com |
| 313 | timberlandsneakers.de |
| 314 | timberlandsshoes.us |
| 315 | timberlandsstore.us |
| 316 | timberland-stores.com |
| 317 | timberlandsydney.com |
| 318 | timberland-uk-boots.com |
| 319 | timberlandukcheaps.com |
| 320 | timberlandusonline.com |
| 321 | timberlandusonlineoutlet.com |
| 322 | timberlandusoutlet.com |
| 323 | timberlandvente.fr |
| 324 | timberlandz.com |
| 325 | tlsadminsvcs.com |
| 326 | toscanaitalianpizzeria.co.uk |
| 327 | tuomoliljenback.net |
| 328 | ubreeds.com |
| 329 | uktimberlandonline.com |
| 330 | unoeilsurletemps.com |
| 331 | warmglassart.co.uk |
| 332 | wheattimberlandboots.com |
| 333 | whitetimberland6inchuk.com |
| 334 | writersca.com |
| 335 | eastpakbolsos.online |
| 336 | eastpakebolso.online |
| 337 | eastpaksacs.online |
| 338 | eastpak-sale.com |
| 339 | eastpakverkauf.online |

| 340 | eastpakzaini.online |
| 341 | ezgishbebe.com |
| 342 | julianehuang.com |

**SCHEDULE "B"**
**THE NORTH FACE APPAREL CORP.'s**
**FEDERALLY REGISTERED TRADEMARKS**

| Trademark | Registration Number | Registration Date | Class(es)/Goods |
|---|---|---|---|
| THE NORTH FACE | 0,983,624 | May 14, 1974 | USC 003 - Backpacks<br>USC 022 - Sleeping bags; tents, snowshoes, and skis<br>USC 039 - Camping clothing namely rainwear, parkas, vests, trousers, shoes, gloves and headgear |
|  | 1,030,071 | January 13, 1976 | IC 018 - Backpacks<br>IC 020 - Sleeping bags<br>IC 022 - Tents<br>IC 025 -  Camping clothing, namely, rainwear, parkas, vests, trousers, shoes, gloves, headgear and snowshoes |
|  | 2,097,715 | September 16, 1997 | IC 018 - Backpacks<br>IC 020 - Sleeping bags<br>IC 022 - Tents<br>IC 025 - Clothing, namely, parkas, vests, jackets, anoraks, pants, ski bibs, gloves, mittens, underwear, hats, headbands, caps, ski suits, gaiters, shorts, and shirts |
|  | 2,300,758 | December 14, 1999 | IC 025 - Shoes |

| | | | |
|---|---|---|---|
|  | 3,538,773 | November 25, 2008 | IC 009 - Computer bags<br>IC 018 - All purpose sporting bags, backpacks, day packs, knapsacks, rucksacks, book bags, tote bags, handbags, duffel bags, knap sacks and duffel sacks, messenger bags, hip and lumbar packs, hip belts, shoulder bags, messenger bags, book bags, waist packs, fanny packs, day packs, shoulder bags, satchels, mountaineering bags, boston bags, internal frame packs and external frame packs, backpack bottle pockets, rain covers used to cover the aforesaid; hydration packs, namely, backpack hydration systems consisting of a backpack, a reservoir, and a mouthpiece connected to the reservoir by a tube; backpack shoulder harnesses; parts and fittings for all the aforesaid goods<br>IC 020 - Sleeping bags; covers for sleeping bags; sleeping bag pads; sleeping bag liners; sacks for carrying and storing sleeping bags; non-metal tent poles and tent stakes<br>IC 021 - Hydration packs, namely, hydration system consisting of a reservoir and a mouthpiece connected to the reservoir by a tube<br>IC 022 - Tents; tent accessories, namely, tent storage bags, rain flies, vinyl ground cloths, tent pole storage sacks, and gear loft platforms used for storage<br>IC 025 - Clothing, namely, men's, women's, and children's t-shirts, shirts, tops, sweatshirts, sweatpants, pants, side zip pants, shorts, trousers, jeans, vests, parkas, anoraks, coats, jackets, wind-resistant jackets, jacket |

| | | | |
|---|---|---|---|
| | | | hoods, pullovers, sweaters, coveralls, underwear, thermal underwear, socks, tights, gloves, mittens; outerwear, namely, shells, one-piece shell suits, ski wear, ski suits, ski vests, ski jackets, ski bibs, bib overalls, bib pants, snowboard wear, snow pants, snow suits, rain wear, rain jackets, rain pants, gaiters, namely, neck gaiters, leg gaiters and ankle gaiters; skirts, skorts, dresses, swim trunks; footwear, namely, athletic shoes, sneakers, trail running shoes, climbing shoes, hiking shoes, slippers, climbing slippers, boots, trekking boots, hiking boots, snowshoes, clogs, sandals; headgear, namely, caps, hats, headbands, bandanas, scarves, earbands, earmuffs, balaclavas, visors, beanies; belts IC 035 - On-line retail store services, retail store services, mail order, catalogue and distributorship services, all featuring camping and outdoor gear and equipment, books, food, hardware, clothing, sportswear, eyewear, footwear, headgear, sports equipment and related accessories |
| **THE NORTH FACE** | 3,630,565 | June 2, 2009 | IC 025 – Footwear |
| THE NORTH FACE | 3,630,846 | June 2, 2009 | IC 025 - Footwear; head wear; rainwear; scarves; ski wear; socks |
| | 3,630,850 | June 2, 2009 | IC 025 - Footwear; gloves; headgear, namely, hats, caps, headbands, visors, ear muffs; hosiery, namely long underwear; jackets; mittens; pants; parkas; shirts; shorts; ski jackets; skirts; socks; tights; vests |

**SCHEDULE "C"**
**TBL LICENSING LLC's**
**FEDERALLY REGISTERED TRADEMARKS**

| Trademark | Registration Number | Registration Date | Class(es)/Goods |
|---|---|---|---|
|  | 1,075,061 | October 11, 1977 | IC 025 - Footwear, namely boots, work shoes, and hiking shoes |
|  | 1,502,205 | August 30, 1988 | IC 018 - Leather goods, namely, credit card cases, wallets, duffle bags, backpacks and briefcases |
| **Timberland** | 1,523,598 | February 7, 1989 | IC 025 - Clothing, namely coats, jackets, rainwear, sweaters, shirts, pants, caps, hats, gloves, scarfs, belts, t-shirts and vests |
|  | 1,552,963 | August 22, 1989 | IC 025 - Clothing, namely coats, jackets, rainwear, sweaters, shirts, pants, caps, hats, gloves, scarfs, belts, t-shirts and vests |
| TIMBERLAND | 2,932,268 | March 15, 2005 | IC 025 - Footwear; clothing, namely coats, jackets, rainwear, sweaters, shirts, pants, shorts, headwear, gloves, neckwear, belts, sweatshirts, t-shirts, vests, socks |
|  | 2,947,228 | May 10, 2005 | IC 025 - Footwear; clothing, namely coats, jackets, rainwear, sweaters, shirts, pants, shorts, headwear, gloves, neckwear, belts, sweatshirts, t-shirts, vests, socks |

**SCHEDULE "D"**
**JANSPORT APPAREL CORP.'s**
**FEDERALLY REGISTERED TRADEMARKS**

| Trademark | Registration Number | Registration Date | Class(es)/Goods |
|---|---|---|---|
| EASTPAK | 1,524,386 | February 14, 1989 | IC 016 - Book bags<br>IC 018 - Brief cases and luggage, back packs, day packs, knapsacks, tote bags, duffle bags |
| EASTPAK | 2,017,368 | November 19, 1996 | IC 018 - All-purpose sporting bags, soft luggage, luggage cases, backpacks, day packs, knapsacks, bookbags, tote bags, duffel bags, garment bags, clothing bags, pullman cases and briefcases |
| EASTPAK | 2,226,566 | February 23, 1999 | IC 018 - All-purpose sporting bags, soft luggage, luggage cases, backpacks, day packs, frame packs, knapsacks, bookbags, tote bags, duffle bags, fanny packs, suitcases and briefcases, clothing bags and garment bags for travel |

| Trademark | Registration Number | Registration Date | Class(es)/Goods |
|---|---|---|---|
| EASTPAK | 4,222,471 | October 9, 2012 | IC 009 - Backpacks, bags, briefcases, hand bags, messenger bags, shoulder bags and tote bags, all specifically adapted to carry laptops, notebook computers, and personal electronic devices; Protective sleeves for laptops, notebook computers and personal electronic devices; Organizer pouches for carrying computer cables, computer mice and portable keyboards for laptops, notebook computers, and personal electronic devices |